**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANNIE JACKSON,  )<br>  )<br>       Plaintiff,  )<br>  )<br>v.  )<br>  )<br>DISTRICT OF COLUMBIA,  )<br>  )<br>       Defendant.  )<br>  ) | Civil Action No. 03-2172 (RMC) |

**MEMORANDUM OPINION**

Annie Jackson alleges that she was constructively discharged because of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the D.C. Human Rights Act, D.C. Code § 2-1401 *et seq.* The District of Columbia argues that Ms. Jackson was demoted because she falsified her performance evaluation, not because she was African American. For the reasons explained herein, the Court finds that no reasonable jury could find the District's asserted non-discriminatory reason for the demotion to have been a pretext for race discrimination. Accordingly, the District's motion for summary judgment [Dkt. # 37] will be granted.

**I. FACTS**

The District of Columbia hired Ms. Jackson as Associate Director for Human Resources with the District's Office of Contracting and Procurement in 1997. On August 4, 2000, Ms. Jackson accepted appointment to the Management Supervisory Service, becoming Assistant Director for Professional Community Management with an annual salary of $101,000. In the fall of 2000, Jacques Abadie, a white male, became the acting Chief Procurement Officer and Ms. Jackson's immediate supervisor.

On or about November 3, 2001, Mr. Abadie gave Ms. Jackson a handwritten performance evaluation in which he scored her 4.74, with the highest possible score being 5. This resulted in a rating of "significantly exceeds expectations." Notwithstanding the high score, Ms. Jackson was disappointed with her performance evaluation because "the comments were handwritten and sparse." Am. Compl. [Dkt. # 3] ¶ 20. Accordingly, "Ms. Jackson then prepared a duplicate performance evaluation with same overall rating, but with typed and more elaborate comments." *Id.* ¶ 22. "Ms. Jackson copied the signature page from her official evaluation and attached it to her type written performance evaluation." *Id.* ¶ 23. "She then placed copies of her typed self-evaluation, with a signature page attached, in her inbox and in the office's personnel file." Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n") [Dkt. # 39] at 7.

Thereafter, Nancy Hapeman, General Counsel of the District's Office of Contracting and Procurement, "got hold of Ms. Jackson's type written evaluation" and "filed a complaint against Ms. Jackson accusing her of attempting to substitute her type written performance evaluation for Mr. Abadie's handwritten one." Am. Compl. ¶ 26. Tracy Usry, Assistant Director of Procurement, investigated the complaint and concluded that it had merit. On April 15, 2002, the District suspended Ms. Jackson for 30 days and demoted her to Program Specialist with an annual salary of $76,445. Ms. Jackson chose to retire on May 19, 2002.

Ms. Jackson alleges that the April 15, 2002 demotion was a constructive discharge. She further alleges that she was "falsely accused of attempting to substitute a typed performance evaluation for a hand written performance evaluation and then subsequently demoted because of her race." *Id.* ¶ 29. The District of Columbia moves for summary judgment. Ms. Jackson opposes.

## II.  LEGAL STANDARDS

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Moreover, summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252.  In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).  Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Id.* at 675.  If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

## III.  ANALYSIS

Title VII makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion,

sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).  The D.C. Human Rights Act makes it unlawful

for an employer to discharge or refuse to hire an individual "wholly or partially for a discriminatory

reason based upon the actual or perceived: race, color, religion, national origin, sex, age, marital

status, personal appearance, sexual orientation, gender identity or expression, family responsibilities,

genetic information, disability, matriculation, or political affiliation of any individual."  D.C. Code

§ 2-1402.11(a)(1).  Employment discrimination claims under the D.C. Human Rights Act are

analyzed using the same legal framework as federal employment discrimination claims under Title

VII.  *See McFarland v. George Wash. Univ.*, 935 A.2d 337, 346 (D.C. 2007).

 In the absence of direct evidence of discrimination prohibited by Title VII, this Circuit

employs the burden-shifting framework articulated by the Supreme Court in *McDonnell Douglas*

*Corp. v. Green*, 411 U.S. 792 (1973).  *Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007).  That

framework is comprised of three components:  first, the plaintiff must make out a prima facie case

of discrimination; second, the defendant must produce a legitimate, non-discriminatory reason for

its employment action; third, the plaintiff must show that the legitimate non-discriminatory reason

proffered by the defendant is a pretext for discrimination.  *See Texas Dept. of Cmty. Affairs v.*

*Burdine*, 450 U.S. 258, 252-53 (1981).  If the plaintiff makes out a prima facie case of discrimination

and the defendant fails to produce evidence which, taken as true, would permit the trier of fact to

conclude that it had a legitimate, non-discriminatory reason for the employment action, then there

is no genuine issue of fact remaining for the trier of fact to determine and the plaintiff is entitled to

judgment as a matter of law.  *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993).  If the

defendant carries its burden of producing a legitimate, non-discriminatory reason for the employment

action and the plaintiff shows that the defendant's proffered reason is a pretext for discrimination,

then the trier of fact is permitted to infer discrimination; the plaintiff is not entitled to judgment as a matter of law. *See id.* at 510-11.

The D.C. Circuit recently clarified, however, that "the prima-facie-case aspect of *McDonnell Douglas* is irrelevant when an employer has asserted a legitimate, non-discriminatory reason for its decision — as an employer almost always will do by the summary judgment stage of an employment discrimination suit." *Adeyemi v. District of Columbia*, 525 F.3d 1222, 1226 (D.C. Cir. 2008). The Circuit instructed that "if an employer asserts a legitimate, non-discriminatory reason for an adverse employment action, the district court must conduct one central inquiry in considering an employer's motion for summary judgment or judgment as a matter of law: whether the plaintiff produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the plaintiff on a prohibited basis." *Id.* "In a Title VII disparate-treatment suit where an employee has suffered an adverse employment action and an employer has asserted a legitimate, non-discriminatory reason for the decision, the district court need not — *and should not* — decide whether the plaintiff actually made out a prima facie case under *McDonnell Douglas*." *Brady v. Office of Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008) (emphasis in original).

*Adeyemi* and *Brady* directly apply here because the District has asserted that Ms. Jackson was demoted because she falsified her 2001 performance evaluation. That constitutes a legitimate, non-discriminatory reason for demoting Ms. Jackson. "At this point, to survive summary judgment the plaintiff must show that a reasonable jury could conclude from all of the evidence that the adverse employment decision was made for a discriminatory reason." *Latham v. Snow*, 336 F.3d 1085, 1088 (D.C. Cir. 2003). "All of the evidence" includes evidence of the plaintiff's prima

facie case, evidence showing the employer's proffered reason to be false, and any other evidence of discrimination. *See Aka v. Wash. Hosp. Ctr.*, 156 F.3d 1284, 1289 (D.C. Cir. 1998); *Czekalski*, 475 F.3d at 364; *Simpson v. Leavitt*, 437 F. Supp. 2d 95, 101 (D.D.C. 2006).

   Ms. Jackson has failed to show that a reasonable jury could conclude from all of the evidence that she was demoted because of her race. Ms. Jackson's only evidence of race discrimination is that she is African American and she was demoted. The record is devoid of any evidence that would permit a jury to infer that she was demoted because she was African American.

   Ms. Jackson concedes that she prepared a typewritten version of her performance evaluation with more elaborate comments than her supervisor's handwritten comments in her official evaluation, copied the signature page containing her supervisor's signature from her official evaluation and paired it with her own typewritten evaluation, and placed her self-created evaluation in her personnel file. *See* Am. Compl. ¶¶ 22 & 23; Pl.'s Opp'n at 7; Def.'s Mem. in Supp. of Mot. for Summ. J., Ex. A (Jackson Dep.) at 347-48, 359-60. In other words, Ms. Jackson admits to doing the very conduct that forms the basis of the District's proffered legitimate non-discriminatory reason for her demotion. A genuine issue of race discrimination is not created simply because Ms. Jackson disputes that she intended to substitute her self-created evaluation for her official evaluation without her supervisor's approval or because she disputes that she also submitted the doctored evaluation to the D.C. Personnel Office. Irrespective of Ms. Jackson's intent or whether she submitted the doctored evaluation to the D.C. Personnel Office, she has not shown, as she must in order to survive summary judgment, that a reasonable jury could conclude from this record that the District demoted her because of her race. There simply is no evidence that Ms. Jackson's race was a factor in the

District's decision to demote her.  Accordingly, her race discrimination claims cannot survive summary judgment.

## IV.  CONCLUSION

For the foregoing reasons, the Court will grant the District of Columbia's motion for summary judgment [Dkt. # 37].  A memorializing Order accompanies this Memorandum Opinion.


Date: November 5, 2009                          _____/s/_____
                                                ROSEMARY M. COLLYER
                                                United States District Judge